By the Court,

Sutherland, J.
The only question in this case is, whether the defendant was concluded by his admission, made when the declaration was served, that there was not sufficient property on the premises liable to distress, to countervail the arrears of rent. I am clearly of opinion that he was estopped by that admission,from controverting the fact upon the trial. The plaintiffs had a right to rely upon it,, and the defendant ought not tobe permitted to defeat the plaintiffs action, by showing that what he then said was false, and therebyreapan advantage fromhis own wrong and falsehood. The defendant, although he may occupy the premises as tenant at will, or for a short term, is still the real party to the suit; he might have given a cognovit,orterminated the suit by a voluntary surrender of the possession, if made without collusion and in good faith, and it is not perceived why his admissions in a matter of this kind should not have the same effect as though he were the only person interested in the premises. The party *149 under whom he entered, may at any time within sis months after the plaintiff shall have taken possession of the premises, under his recovery, be restored to the possession, and to all his rights as lessee by paying the arrears of rent and costs. 2 R. S. 506, § 33.
New trial granted.